UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CARL YECKEL, | § | |
| | § | |
| Appellant, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:11-CV-047-B |
| | § | |
| JAMES CUNNINGHAM, Trustee, THE | § | |
| KING FOUNDATION, AND THE | § | |
| ATTORNEY GENERAL OF THE STATE | § | |
| OF TEXAS, | § | |
| | § | |
| Appellees. | § | |

## MEMORANDUM OPINION & ORDER

Before the Court is Appellant Carl Yeckel's Motion for Stay Pending Appeal (doc. 9), filed March 7, 2011. For the reasons set forth fully below the Court is of the opinion that the Motion should be and hereby is **DENIED**.

Yeckel currently has two bankruptcy appeals pending before the Court. Both arise out of the same bankruptcy proceeding and involve the parties' dispute over Yeckel's claimed homestead exemption. The instant case concerns the bankruptcy court's denial of Yeckel's Motion to Strike Appellee's objections to the homestead exemption. (*See generally* Appellant's Br.). The other case, *Yeckel v. Cunningham, et al.*, Civil Action No. 3:11-CV-236-B, involves the bankruptcy court's subsequent granting of the Trustee and King Foundation's Motion for Summary Judgment on their objections. (*See generally* Appellant's Br., *Yeckel v. Cunningham*, No. 3:11-CV-236-B). The parties briefing in both appeals is not yet complete.

After Trustee and the King Foundation filed their Brief (but before the Attorney General

filed his), Yeckel filed the Motion to Stay presently before the Court, asking the Court to stay the effect of the bankruptcy court's rulings, namely the sale of the home in dispute.  The Trustee and King Foundation filed their Response (doc. 10) on March 11th, arguing that Yeckel had failed to satisfy any of the mandatory requirements for a stay.  Yeckel did not file a Reply, and the Motion is now ripe for consideration.

The parties agree that a discretionary stay pending appeal of a bankruptcy proceeding should only be granted if Yeckel demonstrates: (1) "[a] likelihood of success on the merits;" (2) "[some] irreparable injury if the stay is not granted;" (3) "the granting of the stay would [not] substantially harm the other parties;" and (4) "the granting of the stay would serve the public interest." *In re First S. Sav. Ass'n*, 820 F.2d 700, 704 (5th Cir. 1987) (citing *Ruiz v. Estelle*, 666 F.2d 854, 856 (5th Cir. 1982 ("*Ruiz II*")).  The party seeking a stay pending appeal bears the burden of establishing each of these elements.  *Ruiz II*, 666 F.2d at 856.  While each of the four factors must ordinarily be met, "the movant need not always show a 'probability' of success on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay." *Arnold v. Gatlock*, 278 F.3d 426, 438-39 (5th Cir. 2001) (quoting *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981) ("*Ruiz I*")).  At the same time, the Fifth Circuit has further explained that this is not a "coup de grace" for movants—"[o]nly 'if the balance of equities (i.e. consideration of the other three factors) is . . . heavily tilted in the movant's favor'" should a court issue a stay in the absence of a likelihood of success on the merits, and, "even then, the issue must be one with patent substantial merit." *Ruiz II*, 666 F.2d at 856-57 (quoting *Ruiz I*, 650 F.2d at 565-66).

Yeckel's Motion to Stay wholly fails to meet the requirements articulated above.  First, he admittedly fails to argue, let alone prove, that he is likely to succeed on the merits.  Instead, he relies

wholly on the "substantial merit" alternative to probability of success provided in *Ruiz I*. However, based upon the facts and arguments Appellant has laid before the Court, this does not appear to be a case where the balance of the equities "heavily tilts" in the movant's favor. *See Ruiz II*, 666 F.2d at 857. In determining whether a case has substantial merit, the court looks to the other three factors. *See id.* Here, Yeckel fails to satisfy either the third or fourth prong, instead merely providing cursory, inadequate support.[1]

With respect to the harm to others prong, Yeckel argues that there is no such danger because "[t]he home is not going anywhere and cannot be sold by the Debtor." (Appellant's Mot. Stay ¶ 15). However, Trustee and the King Foundation point out that Yeckel is delinquent on his property taxes and continues to fail to pay them. (Appellee's Resp. ¶ 37). Thus, the amount owed in property taxes continues to grow, thereby reducing the proceeds available from the sale of the house in the future. (*Id.*). Neither, they urge, is there evidence that the property is insured against loss. (*Id.*).

As to the public interest prong, Yeckel maintains that "[t]he very purpose of the exemption law [is] to allow the Debtor to maintain property despite the bankruptcy filing." (Appellant's Mot. Stay ¶ 16). Trustee and the King Foundation respond that "the public interest is harmed every day that passes during which Debtor, who defrauded the charity he was entrusted to serve as president, is allowed to remain, free of charge, in the multi-million dollar University Park house that he became accustomed to while he was defrauding the charity." (Appellees' Resp. ¶ 40). Furthermore, with every passing day the charity and governmental entities "would be forced to watch the diminution and loss of risk to the only asset which has any promise of paying a significant portion of the Debtor's

---

[1]Because of the Court's finding as to the final two prongs, it need not delve into the parties' conflicting arguments as to irreparable harm.

debt to them." (*Id.*). The Court cannot judge from the parties briefing who is correct on the public interest prong. Accordingly, Yeckel has failed to carry his burden as to this prong as well.

If a movant fails to meet his burden on any of the four requirements for a discretionary stay pending appeal, his motion should be denied. *See Ruiz II*, 666 F.2d at 856. As discussed above, Yeckel has most assuredly failed to satisfy his burden with respect to the third and fourth prongs. Furthermore, because he fails those two prongs, Yeckel also fails to satisfy his chosen alternative to the first prong, substantial merit. The Court simply cannot find on the record before it that the balance of the equities tilts heavily in Yeckel's favor. Accordingly, Yeckel's Motion for Stay Pending Appeal fails on any one of the above grounds, and the Court **DENIES** the Motion.

SO ORDERED.

DATED April 4, 2011

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE